IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRENDA F. LUNA, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. CIV-07-481-F |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| **Commissioner of Social** ) | |
| **Security Administration,** ) | |
| ) | |
| **Defendant.** ) | |

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration (Commissioner) denying her application for supplemental security income benefits. Pursuant to an order entered by United States District Judge Stephen P. Friot, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The Commissioner has answered and filed the administrative record (hereinafter Tr. ____). Both parties have briefed their respective positions and thus the matter is at issue. For the reasons stated herein, it is recommended that the decision of the Commissioner be affirmed.

**I. PROCEDURAL HISTORY**

Plaintiff filed her application for supplemental security income benefits on March 18, 2003, with a protective filing date of March 5, 2003, alleging that she became disabled due to fibromyalgia, scoliosis, carpal tunnel syndrome, left knee pain, depression and fatigue. Tr. 54, 55-58, 66. The application was denied on initial consideration and on reconsideration at the administrative level. Tr. 25, 26, 30-32, 34-35. Pursuant to

Plaintiff's request, a hearing was held before an administrative law judge on May 25, 2005. Tr. 36, 261-88. Plaintiff appeared in person and with her attorney, and she offered testimony in support of her application. Tr. 263, 264-82. A vocational expert also testified at the request of the administrative law judge. Tr. 46-48, 282-87. The administrative law judge issued her decision on July 28, 2006, finding that Plaintiff was not disabled within the meaning of the Social Security Act and that she was thus not entitled to benefits. Tr. 12-14, 15-24. Plaintiff then requested review of the administrative law judge's decision by the Appeals Council, which initially denied review, but by order dated February 23, 2007, set aside that decision to consider additional information. Tr. 5-8. After consideration of this additional information, the Appeals Council again denied Plaintiff's request for review, and so the decision of the administrative law judge became the final decision of the Commissioner. Id.

## II.  STANDARD OF REVIEW

The Tenth Circuit Court of Appeals has summarized the applicable standard of review as follows:

> We review the agency's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. However, a decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. The agency's failure to apply correct legal standards, or show us it has done so, is also grounds for reversal. Finally, because our review is based on the record taken as a whole, we will meticulously examine the record in order to determine if the evidence supporting the agency's decision is substantial, taking into account whatever in the record fairly detracts from its weight. However, we may neither reweigh the evidence nor substitute our discretion for that of the Commissioner.

Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004) (internal quotations and citations omitted). The Commissioner follows a five-step sequential evaluation process to determine whether a claimant is disabled. Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant bears the burden of establishing a prima facie case of disability at steps one through four. Id. at 751 & n. 2. If the claimant successfully meets this burden, the burden of proof shifts to the Commissioner at step five to show that the claimant retains sufficient residual functional capacity to perform work in the national economy, given her age, education, and work experience. Id. at 751.

### III. THE DECISION OF THE ADMINISTRATIVE LAW JUDGE

In determining that Plaintiff was not disabled, the administrative law judge followed the sequential evaluation process set forth in 20 C.F.R. § 416.920. Tr. 15-16. She first found that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date. Tr. 17, 23. At steps two and three, the administrative law judge found that Plaintiff suffered from fibromyalgia, thyroid disorder, hypertension, obesity, history of left knee surgery, lumbar disc protrusion, and peripheral vascular disease, and found that these disorders were severe, but also found that they were not severe enough to meet or equal one of the impairments listed in 20 C.F.R. Part 404, Appendix 1, Subpart P, Social Security Regulations, No. 4. Tr. 17-18, 23. The administrative law judge specifically considered the listings at § 1.02, 1.04, 4.03, 9.02, the musculoskeletal, cardiovascular, and endocrinology impairment listings generally, and the listing for obesity. Id. at 18. The administrative law judge next found that Plaintiff had the residual functional capacity to lift and/or carry twenty pounds occasionally and ten pounds frequently, and stoop, crouch,

climb, balance, and kneel occasionally. Tr. 22, 24.  Based on this residual functional capacity, the administrative law judge found at step four of the sequential evaluation process that Plaintiff was probably able to perform her past relevant work as a retail worker, but went on to step five and alternatively found that a person with Plaintiff's vocational factors and residual functional capacity could perform the jobs of check cashier, cafeteria line cashier, insurance clerk, records clerk, and telephone sales clerk, and that these jobs exist in significant numbers in the economy.  Tr. 22-23, 24.  Thus, the administrative law judge found Plaintiff not disabled and not entitled to benefits. Tr. 23, 24.

## IV. DISCUSSION

Plaintiff raises three issues on appeal.[1]  First, she claims that the administrative law judge's decision that she could return to some of her past relevant work was not supported by substantial evidence.  Plaintiff's Opening Brief, p. 5.  Second, she claims that the vocational expert's testimony does not support the administrative law judge's finding at step five. Id. at 6. Third, she contends that the administrative law judge failed to properly credit the opinion of her treating physician Keith A. Conaway, M.D., when records after the hearing confirm his findings. Id. at 6-7.

### A. ERROR AT STEP FOUR

---

[1] Plaintiff's Opening Brief actually only contains one proposition of error, that the Commissioner's decision is not supported by substantial evidence.  It appears to the undersigned that Plaintiff bases this proposition on the three issues the undersigned sets out above.

First, Plaintiff claims that the administrative law judge erred at step four by finding that she "could probably do some" of her past relevant work. Plaintiff's Opening Brief, p. 5. The Commissioner responds that this claimed error should be rejected as the administrative law judge continued on to the next step in the sequential analysis and did not rely upon Plaintiff's ability to perform her past relevant work to support her decision to deny benefits. Commissioner's Brief, p. 4-5. The undersigned agrees. As Plaintiff's argument is that the administrative law judge's decision at step four was not supported by substantial evidence, and there is no allegation of a legal error, the alternative finding at step five makes any error at step four harmless in this case.

**B. ERROR AT STEP FIVE - TESTIMONY OF THE VOCATIONAL EXPERT**

Plaintiff next contends that the testimony of the vocational expert does not support the administrative law judge's finding at step five that there are jobs in significant numbers in the national economy that she is capable of performing. She claims that the vocational expert testified that half of the occupational base would be eroded by the hypothetical limitations identified, and that time away from the workstation (aside from usual and customary breaks) would not be allowed to relieve chronic pain. Plaintiff's Opening Brief, p. 5-6.

The Commissioner concedes that the vocational expert testified that the base for the job of telephone sales person would be eroded by as much as half, but contends that the administrative law judge's hypothetical question to the vocational expert properly characterized her findings regarding Plaintiff's impairments resulting in a decision at step

5

five that is supported by substantial evidence. Commissioner's Brief, p. 5. Once again, the undersigned agrees.

Plaintiff fails to identify support for her claim that the administrative law judge failed to include limitations in her hypothetical to the vocational expert that were also included in her findings regarding Plaintiff's impairments. In her hypothetical to the vocational expert, the administrative law judge stated:

> Q. If would presume an individual of the same age, education, work experience as the Claimant, presume that the individual would be capable of lifting or carrying, pushing or pulling a maximum of 20 pounds, 10 pounds on a frequent basis, would be limited to occasional climbing, kneeling, stooping, crouching, and balancing. The individual would need a sit and stand option pretty much at the employee's discretion.
>
> ...
>
> Okay, with that hypothetical, keeping the other limitations, but with a maximum of ten pounds, what jobs would you identify?

Tr. 284-85. As can be seen, this hypothetical question actually asked the vocational expert to assume that Plaintiff had more limitations than the administrative law judge actually found she had as the administrative law judge found a sit and stand limitation was not warranted, nor was the ten pound maximum limitation on lifting warranted. Tr. 22-23. Still, with this more restrictive hypothetical, the vocational expert identified four jobs, and added that the job of telephone sales would be reduced by half by the sit/stand option, for a total of 1300 in the State of Oklahoma and 66,000 in the national economy. Tr. 285-86. As noted above, the residual functional capacity related by the administrative law judge to the vocational expert is more restrictive than that found by the administrative law judge in the decision. Tr. 22. Also, since the sit/stand option was

eliminated, this also eliminated erosion of the base on the telephone sales jobs caused by that option. Plaintiff's second claim of error is therefore without merit.

### C. OPINION OF DR. CONAWAY

Finally, Plaintiff claims that the administrative law judge improperly discounted the opinion of her treating physician, Dr. Conaway. Plaintiff's Opening Brief, p. 6. In support, she claims that after the hearing she underwent an MRI that revealed disc bulging at L4/5 - rendering the administrative law judge's conclusion that her previous MRI was unremarkable "ludicrous." Id. at 6-7. She also submits that she underwent lumbar fusion after the hearing, based upon the same physical complaints and limitations opined by Dr. Conaway. Id. at 7.

The Commissioner responds that the administrative law judge properly analyzed the opinion of Dr. Conaway, and that the Appeals Council considered the post-hearing MRI and surgical records, but found the records "new but not material." Id. a 7-8. Thus, he contends, the records provide no basis for changing the administrative law judge's decision. Id. at 8.

 In deciding how much weight to give the opinion of a treating physician, an administrative law judge must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An administrative law judge must give the opinion of a treating physician controlling weight if it is both (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) "consistent with other substantial evidence in the record." Id. (internal quotation marks omitted). Even if a treating physician's opinion is not entitled

7

to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927." Id. (internal quotation marks omitted). After considering the requisite factors, the administrative law judge must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 416.927(d)(2). "Finally, if the [administrative law judge] rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (internal quotation marks omitted).

In this case, the administrative law judge gave good, specific reasons for the weight she assigned to the opinion of Dr. Conaway:

> Regarding the functional assessment in the medical records submitted at the hearing, the Administrative Law Judge notes that Keith A. Conaway, M.D. wrote a letter dated March 1, 2005. He also gave an opinion on limitations, dated apparently the day before the hearing. The statement of March 2005 includes that the claimant was to see a neurosurgeon. The claimant saw a neurosurgeon, six months earlier, on September 1, 2004, who recommended continued conservative treatment, including traction and injections. The neurosurgeon found only mild spondylosis and stenosis with slight left-side radiculopathy. The doctor determined that surgery was not appropriate.
>
> Dr. Conaway also authorized a handicapped placard for the claimant (a temporary one) due to tachycardia on November 10, 2004,  On the cardiovascular examination, from July 2004, the cardiologist noted that the claimant was an otherwise healthy young woman with hypertensive heart disease, hyperlidemia, a history of smoking, and family history, as risk factors for atherosclerosis. The discoloration that the claimant reported appeared to be peripheral vascular disease, although "it is not critical." The cardiologist also advised the claimant to quit smoking and lead a healthier lifestyle.
>
> Dr, Conaway's minimal progress notes are not supportive of such a significant impairment and are contrary to other findings. The opinion was written the day before the hearing as an advocate in support of the claimant's application for benefits. Dr. Conaway only stated, on May 24, 2005, that standing, walking, sitting, lifting, carrying, pushing, and pulling

> would be affected due to the claimant's significant back pain. He noted that the claimant would be referred to a specialist. Dr. Conaway said that he did not perform disability examinations and that the claimant should be seen by a physician in occupational medicine. It does not appear that the claimant ever went to any specialist. The statements of Dr. Conaway are given little credibility.

Tr. 21-22. However, Plaintiff contends that after the hearing she underwent further diagnostic testing and a spinal fusion that provided "very material and substantial evidence" to support her subjective claims and limitations and that those tests and her spinal fusion confirmed Dr. Conaway's opinion. Plaintiff's Opening Brief, p. 6-7.

The regulation concerning new evidence submitted to the Appeals Council provides:

> In reviewing decisions based on an application for benefits, if new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. In reviewing decisions other than those based on an application for benefits, the Appeals Council shall evaluate the entire record including any new and material evidence submitted. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. § 416.1470. To be "new," evidence must be more than merely cumulative or duplicative of other evidence in the record; to be "material," there must exist a reasonable possibility that the evidence would have changed the outcome. See Boone v. Apfel, No. 98-7176, 1999 WL 668253 at *2 (10th Cir. Aug. 26, 1999).[2] As noted above, the Appeals Council set aside its first action denying Plaintiff's request for review in order to consider

---

[2] Unpublished disposition cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.

9

the new evidence. Tr. 5. The Appeals Council then gave its reason for finding the evidence "new but not material":

> On December 22, 2006, you submitted additional medical evidence. This evidence indicated that your lumbar spine MRI findings were still unremarkable; and that you were having mechanical back pain. On May 25, 2006, you underwent L5-S1 disc fusion. The surgery was successful and no complications were noted. Accordingly, we found this evidence new but not material. Therefore, we found that this information does not provide a basis for changing the Administrative Law Judge's decision.

Tr. 6.

The undersigned finds that the Appeals Council considered this evidence, and correctly considered it to be non-material. A review of the medical records submitted indicates mild dessication of a single disc, Tr. 244, and no neurologic deficit or nerve root compression. Tr. 245. In fact, her surgeon indicated no rush to proceed with the surgery due to the mechanical nature of the pain. Id. The undersigned cannot say that the Appeals Council erred in its consideration of the additional medical evidence or the conclusion it reached.

## **RECOMMENDATION**

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the administrative law judge and the pleadings and briefs of the parties, the undersigned Magistrate Judge recommends that the final decision of the Commissioner of the Social Security Administration be affirmed. The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by March 25, 2008, in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule

72.1. This Report and Recommendation disposes of all of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**Entered this 5th day of March, 2008.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE